### No. 228
### AKRON & B. BELT RD. CO. v. P. U. C. et al
### CINTI. NOR. RD. CO. v. SAME
Ohio Supreme Court
Nos. 17269 and 17276. July 25, 1922

**RAILROADS—FREIGHT RATES—(1) Interstate and Intrastate jurisdiction—(2) Horizontal increase of Interstate Commerce Commission removed by Ohio Public Utilities Commission.**

MARSHALL, C. J.:

Epitomized Case

Error to Public Utilities Commission

The proceedings in this case are based upon objections to several orders made by the Ohio Utilities Commission affecting railroad rates on road building materials and on sugar beets, the essential legal questions being the same in each proceeding.

The order of the Interstate Commerce Commission, July 29, 1920, granted a 40 per cent increase in railroad rates and the Ohio Utilities Commission approved of a similar increase in all freight rates in intrastate commerce. This was done to enable the railroads to make earnings sufficient to meet the cost of operation, as authorized by act of Congress. But the increase failed to develop business and was of doubtful benefit to the railway companies.

The Ohio commission then, upon its own motion, ordered an investigation of certain rates and charges then in effect in intrastate traffic in Ohio, to determine whether they were unreasonable and unjustly discriminatory, and it found from the evidence adduced and exhibits submitted that intrastate freight rates in Ohio, on the commodities, are unreasonably higher than those prevailing in neighboring States, and higher than interstate rates in effect in such States. The commission therefore took off the 40 per cent added by Ex Parte 74, to the rate on sand, gravel and crushed stone, and reduced the rate on paving block a further sum of ten cents per ton. And it reduced the rate on sugar beets to practically what it was before the 40 per cent increase was made.

# CURRENT OHIO SUPREME COURT CASES
## Weekly Advance Abstract Opinions

In the hearing before the commission and in the error proceedings in this court, counsel for the railways challenged the jurisdiction of the commission to make the order on the ground that the Interstate Commerce Commission had not changed its rates, so far as Ohio was concerned. The Ohio Supreme Court held:

1. The jurisdiction of the Interstate Commerce Commission over freight rates for transportation service between points wholly within a State, to prevent discrimination against interstate commerce, does not interfere with the jurisdiction of a State commission over intrastate rates so long as its orders do not result in such discrimination.

2. The order made by the Interstate Commerce Commission known as Ex Parte 74, granting a 40 per cent horizontal increase in freight rates, was not such a definite, specific order, in its application to service wholly within the State of Ohio, as to preclude an inquiry concerning intrastate rates by the Public Utilities Commission of Ohio, under the changed conditions existing in September, 1921.

Attorneys—John F. Wilson and Wm. A. Eggers, for the Railroads; John G. Price, Atty Gen., for the P. U. C.; Warren Cody, Hill & Hamblen and Charles E. Lewis, for complainants, and Beecher W. Walteermire, for Ohio Paving Brick Assn.